# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 09-20133 |
| STEPHEN BLACKBURN, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant Stephen Blackburn's numerous motions to dismiss. Mr. Blackburn filed the following motions with the Court that are currently at issue:

- Doc. 249 - Motion to dismiss for lack of jurisdiction and non-response to judicial notice of unquestioned accuracy; Motion for leave to amend (doc. 375).

- Doc. 250 - Motion for dismissal of order (doc. 232) for lack of jurisdiction and reinstate order (doc. 213).

- Doc. 275 - Motion to dismiss for improper venue.

- Doc. 283 - Motion to dismiss for due process violations in grand jury selections; 6th Amendment and 5th Amendment; Motion for leave to amend (doc. 376).

- Doc. 285 - Motion to amend motion to dismiss (doc. 265).

- Doc. 318 - Motion to dismiss for violating inalienable constitutional rights & provisions.

Mr. Blackburn filed a *pro se* motion (doc. 213) on March 15, 2010 that was denied without prejudice by the Court (doc. 232) on April 9, 2010.  It was the Court's understanding at the time that Mr. Blackburn had been appointed counsel, and as such, the Court denied Mr. Blackburn's motion without prejudice to be refiled by counsel.  The Court's ruling was premature, however, for since that time Mr. Blackburn has in fact proceeded *pro se*.  Thus, the Court grants Mr. Blackburn's motion (doc. 250) to withdraw its previous order (doc. 232) and reinstate the original motion (doc. 213).  The Court will consider the arguments presented in Mr. Blackburn's original motion below.

The government filed a consolidated response (doc. 487) to Mr. Blackburn's various motions to dismiss on November 11, 2010.  A hearing was held on November 12, 2010, during which Mr. Blackburn was given full opportunity to expound on the issues discussed in his motions to dismiss.  The Court took Mr. Blackburn's motions under advisement.  The Court will now specifically address those issues raised by Mr. Blackburn during the November 12th hearing.  Any remaining arguments are denied as frivolous and wholly lacking in merit.  Mr. Blackburn's miscellaneous motions for leave to amend the motions to dismiss (docs. 375, 376, and 285) are granted.

**1. Jurisdiction**

A reoccurring argument advanced by Mr. Blackburn in his motions to dismiss and at the November 12th hearing is that the Court lacks jurisdiction to preside over this case.  According to Mr. Blackburn, there are two types of jurisdictions available to the Court, common law jurisdiction and admiralty jurisdiction, but the Court has not distinguished

under which jurisdiction Mr. Blackburn is being tried.  Mr. Blackburn asserts that regardless, either form of jurisdiction fails in this case.  The Court will discuss jurisdiction as it applies to this case and attempt to address those jurisdiction concerns raised at the hearing, but the Court at the outset notes that Mr. Blackburn's jurisdictional theories are largely nonsensical and lacking in merit.

First, Mr. Blackburn suggests that if this Court's jurisdiction arises from common law, the Court may only preside over civil matters as permitted by Rule 2 of the Federal Rules of Civil Procedure.  Rule 2 states that there is only one form of action – the civil action.  Fed. R. Civ. P. 2.  Mr. Blackburn contends that because civil matters may only be brought by "the people" and not by the government as in this case, the Court lacks jurisdiction, and the case must be dismissed.

Mr. Blackburn misunderstands the applicability of the Federal Rules of Civil Procedure and the purpose of Rule 2.  The Federal Rules of Civil Procedure, and specifically Rule 2, apply only to civil actions.  *See United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. Dec. 19, 2005).  Rule 2 was enacted for the purpose of eliminating the distinction between law and equity courts by creating one form of civil action.  *See Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1242 n.5 (11th Cir. 2000); *see also United States v. New Mexico*, 642 F.2d 397, 399 (10th Cir. 1981).  Rule 2 does not control criminal actions.   Here, Mr. Blackburn has been charged with violations of federal criminal law.  The matter at hand is therefore a criminal action governed by the Federal Rules of *Criminal* Procedure.  Rules of Civil Procedure do not apply.

In the alternative, Mr. Blackburn argues that this Court is an admiralty court and has no jurisdiction to hear the current case. Article II, Section 2 of the United States Constitution grants original jurisdiction to United States federal courts over admiralty and maritime matters. U.S. Const. art. II, § 2. Furthermore, Title 28 of the United States Code provides:

> The district courts have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

28 U.S.C. § 1333. The general doctrine of maritime law dictates that in contract matters, admiralty jurisdiction depends on the nature of the transaction and in tort matters upon the locality. *Grant Smith-Porter Ship Co. v. Rohde*, 257 U.S. 469, 476 (1922). The case at hand is non-maritime, as it does not involve any incident occurring on navigable waters or activities related to navigation or commerce. *Id.* at 475-76. Furthermore, contract and tort law are not involved. Admiralty law, therefore, is not applicable to this case.

Mr. Blackburn misconstrues the jurisdiction of federal district courts. Under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. 18 U.S.C. § 3231. Criminal jurisdiction of courts of the United States is derived exclusively from acts of Congress. *Hudspeth v. Melville*, 127 F.2d 373, 375 (10th Cir. 1941) (citing *Jones v. United States*, 137 U.S. 202 (1890)). Thus, for the Court to have jurisdiction over a criminal defendant, Congress must have explicitly prescribed the criminal offense. *See Jerome v. United States*, 318

U.S. 101, 105 (1943). Here, Mr. Blackburn has been charged with conspiracy to distribute and possess with the intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a) and 846. Section 841(a) states that it is unlawful for any person "knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance." 21 U.S.C. § 841(a). Penalties for such an offense are then described in Section 846. Mr. Blackburn has clearly been charged with a violation of federal law, and therefore this Court has jurisdiction pursuant to 18 U.S.C. § 3231.

**2. Venue**

Mr. Blackburn also submits that this United States District Court is an Article I court that lacks jurisdiction over this case due to improper venue. According to Mr. Blackburn, venue in an Article I court is only appropriate if the incriminating actions took place in a designated federal area, such as a national forest or lake. Because the alleged criminal activities in this case did not take place on land in possession of the federal government, Mr. Blackburn contends venue is improper, and the case must be dismissed.

The United States District Court for the District of Kansas is in fact a properly constituted district court under Article III and federal statutes. Article III of the United States Constitution provides that "The judicial Power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1; *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 59 (1982). The United States Code states that there "shall be in

each judicial district a district court which shall be a court of record known as the United States District Court for the district." 28 U.S.C. § 132(a). There is no colorable support for Mr. Blackburn's contention that this Court is not an Article III court. *See Rollins v. Ingersoll-Rand Co.*, 240 F. App'x 800, 802 (10th Cir. 2007).

Because this Court is an Article III district court and not an Article I court as Mr. Blackburn proposes, the Court will address venue only to the extent that it applies to Article III district courts. Venue in federal criminal cases is a question of fact which is part of the prosecution's case. *Wilkett v. United States,* 655 F.2d 1007, 1011 (10th Cir. 1981). Although venue is not a substantive element of a crime, it must be proved in every criminal case. *United States v. Kelly*, 535 F.3d 1229, 1233 (10th Cir. 2008). Unlike other facts in the prosecution's case, however, venue may be proven by mere preponderance of the evidence. *United States v. Byrne*, 171 F.3d 1231, 1234 (10th Cir. 1999).

The Federal Rules of Criminal Procedure require that "unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. In a drug conspiracy case, venue as to prosecution of all members of the conspiracy "lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Rinke*, 778 F.2d 581, 584-85 (10th Cir. 1985) (quoting *United States v. Smith*, 692 F.2d 693, 697 (10th Cir. 1982)). The Tenth Circuit has upheld venue in conspiracy cases where the defendant had neither been to the jurisdiction nor committed any acts there.

*United States v. Wesley*, 649 F. Supp. 2d 1232, 1237 (D. Kan. Aug. 14, 2009) (citing *United States Miller*, 111 F.3d 747, 753 n.8 (10th Cir. 1997)).

A defendant who joins an ongoing conspiracy may be held accountable for the acts or statements of co-conspirators that occurred prior to defendant's entry into the conspiracy, if those acts or statements were in furtherance of the conspiracy. *See United States v. Coleman*, 7 F.3d 1500, 1503 (10th Cir. 1993). This principle applies to prior overt acts of co-conspirators that establish the basis for venue. *United States v. Hamilton*, 587 F.3d 1199, 1208 (10th Cir. 2009). Here, overt acts contributing to the conspiracy alleged by the government occurred in Kansas, Missouri, Arizona, Oklahoma, New York, New Jersey, Florida, and even Jamaica. Venue would therefore be proper in any of these jurisdictions.

The government points out that even if venue were improper in this case, the remedy pursuant to Rule 21 would require granting a change of venue, not dismissal. Fed. R. Crim. P. 21. Mr. Blackburn has not complied with procedure for requesting a change of venue, but even if he had, a transfer of venue would not be appropriate in this case. In ruling on a Rule 21(b) motion, a court considers a variety of factors, the most important of which are: (a) inconvenience to the parties; and (b) the location of the parties, witnesses, counsel, events in issue, and necessary documents and records. *United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990); *see also United States v. Williams*, 897 F.2d 1034, 1036-37 (10th Cir. 1990). Here, the indictment against Mr. Blackburn was properly brought in the District of Kansas, all parties and counsel are

currently located in the district, and collected evidence is in Kansas. It would be inconvenient to the parties to transfer venue and would cause unnecessary expense. As such, no change of venue is warranted in this case.

### 3. Grand Jury Selection

Mr. Blackburn contends that because he was not permitted to attend or participate in the selection of the grand jury, he was denied his due process rights, and as a result, the case should be dismissed. Defendants Gladstone McDowell and Curtis Pitter raised a similar argument in their joint motion for dismissal of indictment and charges due to lack of subject matter jurisdiction (doc. 481). Mr. McDowell and Mr. Pitter's assertion was rejected by the Court in its December 3, 2010 order (doc. 564). The Court likewise rejects Mr. Blackburn's argument to the extent it overlaps with that previously addressed and denies any additional claims as frivolous.

### 4. Filing Complaint

Also previously addressed in the Court's December 3rd order denying Mr. McDowell and Mr. Pitter's joint motion to dismiss is the argument that the government is required to file a complaint prior to arresting a defendant. Mr. Blackburn repeats the argument here and states that because the government failed to filed a complaint in this matter, the grand jury did not have authority to charge him via indictment, and the case should be dismissed. The Court defers to its earlier order discarding this assertion to the extent it applies to Mr. Blackburn's present argument and rejects any additional claims as frivolous.

**5. Eleventh Amendment Immunity**

Throughout his motions to dismiss, Mr. Blackburn claims he is a "sovereign" and therefore immune from suit under the Eleventh Amendment. The government explains that Mr. Blackburn misunderstands the meaning of the Eleventh Amendment. The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. This Amendment grants the states sovereign immunity from suits brought in federal court by their own citizens, by citizens of other states, by foreign sovereigns, and by Indian tribes. *See Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 827 (10th Cir. 2007) (citing *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 779-80 (1991)).

Immunity is afforded to states and state actors in their official capacities but does not extend to private individuals as Mr. Blackburn suggests. *See Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Regardless of how Mr. Blackburn characterizes himself, he is not a state, and he therefore does not have authority to invoke the Eleventh Amendment. *See Magnolia Marine Transp. Co. v. Oklahoma*, 366 F.3d 1153, 1158 (10th Cir. 2004). No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. *Beal v. Missouri Pacific Railroad Corp.*, 312 U.S. 45, 49 (1941). Mr. Blackburn provides

no authority to support the notion that the Eleventh Amendment may apply in criminal actions brought by the United States against an individual. Mr. Blackburn is accused by the United States of committing a crime in violation of federal law and is therefore subject to the jurisdiction of this Court. *See* 18 U.S.C. § 3231. Mr . Blackburn's sovereign immunity argument is rejected.

### 6. Secured Party

Mr. Blackburn refers to himself as a "secured party" in his motions to dismiss (docs. 249, 275, 283 et seq.) and includes below his signature citations to U.C.C. §§ 1-207 and 1-308. The portion of the Uniform Commercial Code to which Mr. Blackburn cites, previously Section 1-207, reads:

>  A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

U.C.C. § 1-308 (2007). Section 1-308 applies when a party continues to perform or promises to perform on a contract but does not wish to waive a claim against the other party. *See United States v. Davis*, 2010 WL 4386961, at *1 (D. Nev. Sept. 20, 2010). The section does not apply where there is no valid sales contract or commercial transaction. *Id.* Furthermore, the Uniform Commercial Code has no relevance in a criminal proceeding. *Mitchell*, 405 F. Supp. 2d at 604.

The Sixth Circuit in *United States v. McKinney* revealed that Section 1-308 of the Uniform Commercial Code has been invoked by several "misguided" defendants in tax-

evasion cases with uniform failure. 375 F. App'x 479, 481-82 (6th Cir. 2010) (citing *United States v. Simkanin*, 420 F.3d 397, 400 (5th Cir. 2005); *United States v. Neujahr*, 1999 WL 125718, at *10 n.3 (4th Cir. Mar. 10, 1999); *United States v. Clark*, 139 F.3d 485, 488 (5th Cir. 1998); *United States v. McVeigh*, 940 F. Supp. 1541, 1553 (D. Colo. Aug. 14, 1996)). The *McKinney* court found that it could discern no plausible claim premised on this section of the Uniform Commercial Code in a criminal case. 375 F. App'x at 482.

Mr. Blackburn cannot be a "secured party" as understood in commercial law, for no sales contracts or transactions are involved in this case. The rights of secured parties are governed by the Uniform Commercial Code. *See Simmons Foods, Inc. v. Capital City Bank, Inc.*, 270 B.R. 295, 300 (D. Kan. Oct. 17, 2001). A secured party under Article 9 is "a person in whose favor a security interest is created or provided for under a security agreement," including a person holding an agricultural lien, a consignor, or a person to whom accounts or chattel paper have been sold. U.C.C. § 9-102(a)(72) (2002). There are no security agreements involved in this case, nor does Mr. Blackburn fit the description of one who may hold secured party status under the Code. Therefore, the Uniform Commercial Code does not apply.

The purpose of the Uniform Commercial Code is to "simplify, clarify, and modernize the law governing commercial transactions." U.C.C. § 1-103(a)(1) (2004). Mr. Blackburn's references to his secured party status and the U.C.C. have no application in this case, as the facts to do not appear to directly involve the Uniform Commercial

Code.  *See Meuli v. Farm Credit Serv. of Manhattan*, 1991 WL 177953, at *3 (D. Kan. Aug. 8, 1991).  There is no sales contract or commercial transaction at issue, nor does Mr. Blackburn explain how U.C.C. § 1-308 supports his motions to dismiss.  The Court can glean no relevance of the references to the Uniform Commercial Code and therefore rejects them to the extent they were cited in support of Mr. Blackburn's motions to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Blackburn's motions to reinstate and motions to amend (docs. 250, 285, 375, and 376) are granted.

**IT IS FURTHER ORDERED BY THE COURT** that Mr. Blackburn's motions to dismiss (docs. 213, 249, 275, 283, and 318) are denied.

**IT IS SO ORDERED** this 3rd day of December, 2010.

   s/John W. Lungstrum
John W. Lungstrum
United States District Judge