IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN BLACKBURN,

    Defendant.

Case No. 09-20133

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Stephen Blackburn's various outstanding motions. Mr. Blackburn filed the following *pro se* motions that have not yet been specifically addressed by the Court:

    Doc. 265 - Motion to dismiss for violating the Speedy Trial Act of 1974.

    Doc. 274 - Motion for speedy trial.

    Doc. 281 - Motion to amend judicial notice (doc. 215).

    Doc. 284 - Motion for severance.

    Doc. 294 - Motion for summary judgment.

    Doc. 499 - Motion for dismissal of orders (docs. 461, 470) for lack of jurisdiction.

The government filed consolidated responses to Mr. Blackburn's motions pertaining

1

to his speedy trial rights on September 23, 2010 (doc. 417) and November 2, 2010 (doc. 487). In addition, the government responded to Mr. Blackburn's motion to amend judicial notice and motion for summary judgment on September 23, 2010 (doc. 418). The Court will address the issues raised in Mr. Blackburn's outstanding motions to the extent they have not been previously decided. For the reasons discussed below, Mr. Blackburn's motion to amend judicial notice is granted, and the remaining motions are denied.

**1. Speedy Trial Act**

Mr. Blackburn claims that his speedy trial rights were violated when more than ten days lapsed between his initial appearance before a magistrate judge in the Northern District of Illinois on February 25, 2010 and his transfer to the District of Kansas and appearance before a magistrate judge on April 8, 2010. The government contends that Mr. Blackburn misreads the portion of the Speedy Trial Act cited by Mr. Blackburn in support of his argument.

The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings. *United States v. Gonzalez*, 137 F.3d 1431, 1433 (10th Cir. 1998). The Act requires that the trial of a criminal defendant commence within seventy days of the filing of the indictment, or from the date the defendant first appears before a judicial officer of the court, whichever is later. *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) (citing 18 U.S.C. § 3161(c)(1)). Section 3161(h) sets out a number of delays that may be excluded from calculation of the seventy day speedy trial period. Mr. Blackburn cites to Section

3161(h)(1)(F) of the Act, which states:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to –
>
> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

18 U.S.C. § 3161(h)(1)(F). This section does not mandate, as Mr. Blackburn seems to suggest, that a defendant be brought to the charging district within ten days of his initial appearance. Rather, the section is meant to set a maximum limit of ten days to be excluded in the speedy trial calculation based on the transportation of a defendant to a particular district. Mr. Blackburn's speedy trial rights were not violated under this section.

Mr. Blackburn also asserts his right to a speedy trial as provided by the Sixth Amendment. A Sixth Amendment speedy trial claim is assessed by balancing the length of the delay, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether the delay prejudiced the defendant. *United States v. Tranakos*, 911 F.2d 1422, 1427 (10th Cir. 1990) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). While no single factor is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial, only if the period of delay is presumptively prejudicial need a court inquire into the other factors. *Tranakos*, 911 F.2d at 1427. Delays approaching one year generally

satisfy the requirement of presumptive prejudice. *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006). Here, the delay between Mr. Blackburn's original indictment on November 5, 2009 and the trial, now set for April 7, 2011 is presumptively prejudicial. However, because of the number of defendants involved and the complexity of the charges, the Court concludes that the length of the delay in this case is tolerable and thus does not weigh heavily against the government in the overall balancing analysis. *See United States v. Cone*, 310 F. App'x 212, 215 (10th Cir. 2008).

The second factor the Court considers in the speedy trial analysis is the reason for the delay. On February 12, 2010, the Court designated this case as unusual and complex (doc. 203), due to the number of defendants, the massive volume of evidence involved, and the variety of charges alleged in the Indictment. Preparation time for the defendants, many of whom are proceeding *pro se*, and for the government necessarily will be lengthy. Furthermore, there is nothing in the record suggesting intentional delay on the part of the government, which would weigh heavily against it. *See United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994). In fact, much of the delay is attributable to the defendants' copious pretrial motions, including approximately 25 motions personally filed by Mr. Blackburn. Delays attributable to a defendant do not weigh in favor of a Sixth Amendment violation. *Dirden*, 38 F.3d at 1138. The Court therefore finds the delay in this case reasonable.

Third, Mr. Blackburn has actively asserted his speedy trial right by filing a motion. A defendant's assertion of his right is entitled to strong evidentiary weight in determining

whether he is being deprived of the right. *See United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991). While the Court recognizes the weight owed to Mr. Blackburn's motion, it finds that the other factors of the analysis outweigh this single component.

The final factor examined by the Court is prejudice to a defendant caused by the delay in speedy trial. Prejudice is assessed in light of three interests of the defendant which the speedy trial right was designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Kalady*, 941 F.2d at 1095. Mr. Blackburn is in custody, not on bail, and this weighs in his favor. Yet Mr. Blackburn has not shown that the additional months of incarceration would be oppressive or increase his anxiety and concern. The Court does not find the delay to be so extreme as to severely prejudice Mr. Blackburn.

Of the three interests analyzed by the Court when determining whether a defendant has suffered prejudice, the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system. *Barker*, 407 U.S. at 532. Delay may prejudice a defendant if, for example, defense witnesses are unable to recall accurately events of the distant past or if witnesses die or disappear during the delay. *Id.* Mr. Blackburn has not made a claim to an impairment of his ability to defend against these charges. *See Cone*, 310 F. App'x at 219 n. 10. He does not suggest that evidence will be lost in the delay or that witnesses will become unavailable or forgetful. Mr. Blackburn has not alleged any harm suffered which distinguishes his case from that of any other arrestee awaiting trial in a similar case. *See Dirden*, 38 F.3d at 1138.

On balance, the delay here was mostly attributable to Mr. Blackburn and not to the government. While Mr. Blackburn asserted his speedy trial rights by filing a motion, he has not shown any specific prejudice inflicted upon him because of the delay in trial. The delay, while substantial, is not egregious under the circumstances of this case. The Court concludes therefore that the delay, while presumptively prejudicial, has been overcome in this case. Mr. Blackburn has not been denied his Sixth Amendment right to a speedy trial.

**2. Judicial Notice**

On August 8, 2010, Mr. Blackburn filed a motion to amend (doc. 281) a previously filed judicial notice (doc. 215). The Court grants the motion to amend and now addresses those arguments raised in the original judicial notice that can be deciphered. The judicial notice contains numerous issues that have since been addressed by the Court, and to the extent the arguments are repetitive, the Court defers to its earlier order (doc. 565). Furthermore, any claims not specifically answered by the Court below are denied as frivolous.

Mr. Blackburn's judicial notice is a 21-page submission of copied excerpts from cases, statutes, and treatises, raising a number of disjointed and convoluted arguments for why the charges against him must be dismissed. For example, Mr. Blackburn claims that the case must be dismissed because the Indictment (doc. 1) spells his name in all capital letters, and this in and of itself is a fatal flaw. He cites to style manuals and administrative codes demonstrating that all capital letters are used when spelling a corporation's name in legal documents, but not when referring to a living person. Because he is a "living, breathing,

6

flesh and blood sovereign man," Mr. Blackburn contends that the Indictment can only spell his name with upper and lower case spelling to be effective against him.

This argument has been attempted by several defendants in federal district court without success. *See, e.g., United States v. Mitchell*, 405 F. Supp. 2d 602, 604-05 (D. Md. Dec. 19, 2005); *United States v. Singleton*, 2004 WL 1102322, at *3 (N.D. Ill., May 7, 2004). The courts held that use of all upper case letters or a mixture of upper and lower case letters is not relevant to the question of jurisdiction, nor will it render an indictment inapplicable. *Id.* The mandatory style requirement for identifying parties in a case is a level of formalism abandoned by federal courts long ago, and the use of capital letters in referring to a defendant in legal documents is simply irrelevant. *Mitchell*, 405 F. Supp. 2d at 604. Here, the government and the Court have addressed Mr. Blackburn, both in court and on paper, in a proper manner that clearly identifies him. *See Id*. Mr. Blackburn's argument is thus rejected.

Similarly far-fetched is Mr. Blackburn's argument that the Constitution has been suspended since the Emergency War Powers Act in 1933. Mr. Blackburn asserts that the 1933 amendments to the Trading with the Enemy Act "turned the American people into enem[ies] of the state," and therefore the "standard American flag in the courtroom was replaced with a military [a]dmiralty flag for dealing with alien enemy residents." No factual authority is cited by Mr. Blackburn in support of these claims. Once again, similar arguments have been raised and dismissed in previous cases. *See, e.g.*, *Eidson v. Burrage*, 113 F. App'x 860, 862 (10th Cir. 2004) (dismissing defendant's argument that the "yellow fringe flag" conferred maritime jurisdiction); *Commonwealth v. Appel*, 652 A.2d 341, 343

(Pa. Super. Ct. 1994) (dismissing defendant's "preposterous" claim that the gold fringe on the American flag in the courtroom conferred maritime jurisdiction). Likewise, the Court rejects Mr. Blackburn's argument.

**3. Summary Judgment**

Next, Mr. Blackburn moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The government correctly points out that Mr. Blackburn's motion for summary judgment is not appropriate in the criminal context. The Federal Rules of Civil Procedure do not apply to criminal cases, as the Court stated in its earlier order (doc. 565), and a motion for summary judgment under Rule 56 is only properly brought in a civil case. Because this is a criminal case and the rules of civil procedure do not apply, Mr. Blackburn's summary judgment motion is inapplicable and therefore rejected.

Mr. Blackburn also moves for summary judgment pursuant to Rule 12 of the Federal Rules of Criminal Procedure. Because Mr. Blackburn is a *pro se* litigant, the Court will liberally construe his summary judgment motion as a motion to dismiss pursuant to Rule 12 of the Federal Rules of Criminal Procedure. *Mitchell v. C.I.R.*, 283 F. App'x 641, 642 (10th Cir. 2008). Rule 12(b)(2) permits a party to raise by pretrial motion any defense, objection, or request that a court can determine without a trial of the general issue. Fed. R. Crim. P. 12(b)(2). In his motion, Mr. Blackburn presents a list of reasons why the case must be dismissed, repeating those arguments previously raised in his judicial notice and citing his own judicial notice (doc. 215) in support. The Court rejects these arguments on the same grounds as stated in the preceding section.

**4. Severance**

The Court will grant a motion to sever only where there is serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about the guilt or innocence of a defendant. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Separate trials are not a matter of right where two or more defendants participated in the same act or transaction giving rise to the criminal offense. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994) (citing *United States v. Davis*, 436 F.2d 679, 681 (10th Cir. 1971)). In fact, the preference in a conspiracy trial is that persons charged together should be tried together. *United States v. Small*, 423 F.3d 1164, 1181 (10th Cir. 2005)**.**

A court may order severance if it appears that a defendant is prejudiced by a joinder of offenses or of defendants. Fed. R. Crim. P. 14; *Dirden*, 38 F.3d at 1140. Before exercising its discretion to grant a motion to sever, however, a court must weigh prejudice to the defendant caused by joinder against considerations of economy and expedition in judicial administration. *United States v. Walton,* 552 F.2d 1354, 1362 (10th Cir. 1977). The burden is heavy for a defendant to bear, as he must show more than a better chance of acquittal or a hypothesis of prejudice; he must, in fact, show real prejudice. *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993).

Mr. Blackburn contends that he will be prejudiced by a joint trial because of a negative "spill over" effect. In the Indictment (doc. 1) and Superseding Indictment (doc. 497), Mr. Blackburn is named and charged only in Count 1. Mr. Blackburn is concerned that

he will be associated with the other defendants and remaining counts described in the indictments. While Mr. Blackburn's concern is legitimate, the Court does not find that he will be prejudiced in this case. Merely asserting a heightened chance of acquittal or the negative "spillover effect" of evidence against a co-defendant is insufficient to warrant severance. *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996). Mr. Blackburn has not demonstrated, for example, that the defenses are so antagonistic that they are mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other. *See United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994). Nor has Mr. Blackburn suggested that he needs a co-defendant's testimony but that the co-defendant will refuse to give exculpatory testimony in a joint trial due to the possibility of self-incrimination. *See United States v. Rogers*, 925 F.2d 1285, 1287 (10th Cir. 1991). Mr. Blackburn has shown no real prejudice, and there is no reason to believe in the instant case that the jury will not be able to separate the evidence relevant to each defendant and to follow the court's instruction so as to render a fair and impartial verdict as to each. *See Walton*, 552 F.2d at 1362.

Mr. Blackburn also states that multiple extensions and continuances have been issued due to circumstances concerning other co-defendants, and that these continuances have violated his right to a speedy trial. Section 3161(h)(6) of the Speedy Trial Act, however, allows for the exclusion of time from the speedy trial calculation for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The

question when examining an exclusion under Section 3161(h)(6) is whether the delay attributable to the co-defendant is "reasonable." *United States v. Olivo*, 69 F.3d 1057, 1061 (10th Cir. 1995). In this case, there was indeed delay caused by the addition of co-defendants. However, the Court has determined that the delay was reasonable and necessary in order for all defendants to be tried together. Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred. *Tranakos*, 911 F.2d at 1426. Furthermore, as stated above, much of the delay in this case has been caused by the overwhelming number of pretrial motions filed by the defendants, over twenty of which were personally filed by Mr. Blackburn. The Court does not find that any hypothesized prejudice to Mr. Blackburn due to a joint trial warrants severance.

**5. Reconsideration of Orders**

Finally, Mr. Blackburn requests that the Court dismiss its previous orders (docs. 461, 470). The Court, liberally construing Mr. Blackburn's *pro se* filings, treats this application as a motion to reconsider. On October 15, 2010, the Court denied Mr. Blackburn's motions at issue (docs. 454, 455, 456, 457) as having been filed after the deadline and without any showing of good cause as to why the motions could not have been timely filed. In its order (doc. 461), the Court treated Mr. Blackburn's notices (docs. 454, 455, 456) as motions. Because the deadline to file motions was September 7, 2010, and Mr. Blackburn did not meet this deadline nor request an extension, the Court denied the motions. The second order at issue (doc. 470) denied Mr. Blackburn's notice of deadline for request for bill of particulars

11

(doc. 464). Again, the Court treated the notice as a motion to the extent the document sought relief. The Court likewise noted that the deadline for filing motions was September 7, 2010, and because Mr. Blackburn did not file his motion in time or seek an extension of time, his notice was denied.

Mr. Blackburn first argues in his motion for reconsideration that the orders must be dismissed for lack of jurisdiction. The Court has already addressed the issue of jurisdiction in its order filed December 3, 2010 (doc. 565), and therefore defers to its previous order rejecting Mr. Blackburn's jurisdictional challenges. Additionally, Mr. Blackburn contends that his amendment to the motion to dismiss for lack of jurisdiction (doc. 457) should not have been denied as having been filed after the deadline, for an amendment to a motion can be filed anytime, especially when the motion has yet to be answered.

When a court refuses leave to amend, it must state its reasons. *Gillette v. Tansy*, 17 F.3d 308, 310 (10th Cir. 1994). Mr. Blackburn did not seek leave of the Court to amend his motion. Yet, the Court specifically stated in its order denying Mr. Blackburn's motion to amend that the motion was untimely, and Mr. Blackburn offered no explanation for its tardiness or reasons why the Court should consider the motion on the merits. Furthermore, a court need not grant leave if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Had the Court granted the amendment, it would not have changed the final outcome of Mr. Blackburn's motion challenging jurisdiction (doc. 249). Ultimately the motion was denied by the Court on December 3, 2010 (doc. 565).

In addition, Mr. Blackburn contends that his notices (docs. 454, 455, 456) should not

have been denied as untimely, for notices are distinct from motions and may be filed at any time, even after conviction. This same argument is submitted by Mr. Blackburn for reconsideration of the Court's order on October 20, 2010 (doc. 470) denying his notice for deadline to request a bill of particulars (doc. 464). According to Mr. Blackburn, Rule 201 of the Federal Rules of Evidence requires a court to take judicial notice if requested by a party, and as such, his notices should be resubmitted.

The Federal Rules of Evidence apply to evidence presented during proceedings in federal courts and before United States Magistrates. Fed. R. Evid. 101; *Am. Coal Co. v. Benefits Review Bd.*, *U.S. Dept. of Labor,* 738 F.2d 387, 390 (10th Cir. 1999). Rule 201, cited by Mr. Blackburn, only governs judicial notice of adjudicative facts. Fed. R. Evid. 201(a). A judicially noticed fact is one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Federal Rules of Evidence, and particularly Rule 201, do not apply to arguments submitted by parties. Mr. Blackburn's judicial notices present claims and assertions, not generally known or readily ascertainable facts. Thus, the submissions by Mr. Blackburn are not facts of which the Court will take judicial notice.

Because Mr. Blackburn's judicial notices are arguments on which Mr. Blackburn asks the court to rule, the Court treats the notices as motions. Rule 47 of the Federal Rules of Criminal Procedure states that a party applying to a court for an order must do so by motion. Fed. R. Crim. P. 47(a). As stated in the Court's order rejecting Mr. Blackburn's motions, the

motions were not timely filed, and Mr. Blackburn gave no reason for their tardiness. The Court therefore upholds its orders (doc. 461, 470) denying Mr. Blackburn's various untimely submissions.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Blackburn's motion to amend judicial notice (doc. 281) is granted.

**IT IS FURTHER ORDERED BY THE COURT** that Mr. Blackburn's remaining motions (docs. 265, 274, 284, 294 and 499) are denied.

**IT IS SO ORDERED** this 15th day of December, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge