**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                              |   |                    |
|------------------------------|---|--------------------|
| **UNITED STATES OF AMERICA,**    | ) |                    |
|                              | ) |                    |
| **Plaintiff,**               | ) |                    |
|                              | ) |                    |
| v.                           | ) | Case No. 09-20133  |
|                              | ) |                    |
| **STEPHEN BLACKBURN,**       | ) |                    |
|                              | ) |                    |
| **Defendant.**               | ) |                    |

**MEMORANDUM AND ORDER**

Defendant Stephen Blackburn filed a motion for subpoenas (doc. 713), asking the court to subpoena on his behalf the Director of the United States Department of Justice and a Kansas Supreme Court justice to certify and verify that Title 21 of the United States Code is a law.

Under Rule 17 of the Federal Rules of Criminal Procedure, if a defendant cannot pay witness fees and process costs of a subpoena, the court will order the subpoena at the Government's expense, provided the defendant can show "the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). A defendant's burden under this rule "is not light." *United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009). "Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense." *Id.* (quoting *United States v. LeAmous*, 754 F.2d 795, 798 (8th Cir. 1985)). Instead, to show "necessity," a defendant

must establish that the witness's testimony is "relevant, material, and useful." *United States v. Hernandez-Urista*, 9 F.3d 82, 84 (10th Cir. 1993) (internal quotation marks omitted).

Mr. Blackburn wishes to subpoena government officials to certify that Title 21 is a law. This request is denied. A subpoena is not the proper vehicle for the legal arguments Mr. Blackburn seeks to make. Subpoenas allow parties to gather evidence in the form of documents or testimony that can be used at trial to help resolve factual disputes. Whether a particular statute has been properly enacted and is constitutionally enforceable are purely legal issues that the parties can argue and the court can resolve based solely on written motions. And in fact, this court considered—and denied (doc. 668)—a similar argument raised by one of Mr. Blackburn's co-defendants when that defendant filed a motion to dismiss (doc. 606). To the extent Mr. Blackburn seeks an explanation from the government and a ruling from this court on the enforceability of Title 21, he may file a motion setting forth his position.

Mr. Blackburn has not satisfied the burden under Rule 17(b) that the witnesses he wishes to subpoena are necessary.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for subpoenas (doc. 713) is **denied**.

**IT IS SO ORDERED** this 4th day of March, 2011.

2

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge