# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>  )<br> **Plaintiff,**  )<br>  )<br> v.  )<br>  )<br> **STEPHEN BLACKBURN,**  )<br>  )<br> **Defendant.**  )<br>  ) | Case No. 09-20133 |

---

## MEMORANDUM AND ORDER

Before the court are Defendant Stephen Blackburn's motion to recuse the prosecution (doc. 797) and his motion to dismiss the indictment (doc. 798). For the reasons discussed below, both are denied.

**1.   Motion to Recuse Prosecution**

Mr. Blackburn alleges that the government attorneys violated his Sixth Amendment right to confront witnesses by failing to comply with Rule 15 of the Federal Rules of Criminal Procedure. Rule 15 provides that defendants have the right to be present during depositions of witnesses, Fed. R. Crim. P. 15(c), and Mr. Blackburn contends that the government attorneys deposed Agent Dorley outside of his presence.

The Government explains, however, that Agent Dorley has not in fact been deposed. Instead, he testified before the Grand Jury. As this court has previously explained to Mr. Blackburn (doc. 565), he is not entitled to be present during those

proceedings or cross-examine any witnesses.

Mr. Blackburn's motion to recuse the prosecution on the basis of a Rule 15 violation is denied.

**2.      Motion to Dismiss "Perjurized/Fraudulent Indictment"**

Much of this motion seems to be random statements of law and references to portions of the constitution. To the extent those paragraphs request relief, that request is denied as uncomprehensible.

But one portion of Mr. Blackburn's motion appears to raise a nonfrivolous, although ultimately unsuccessful, argument. Mr. Blackburn asserts that Agent Dorley testified (presumably before the grand jury and in the *James* hearing) about overt acts by Mr. Blackburn, and that his testimony contradicted the indictment. As such, Mr. Blackburn contends, the court should dismiss the indictment.

"'A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment.'" *United States v. Hanzlicek*, 187 F.3d 1228, 1232 (10th Cir. 1999) (quoting *United States v. Edwards*, 69 F.3d 419, 432 (10th Cir. 1995)). "A variance between the indictment and the proof is only reversible error . . . if it is prejudicial—that is, if it affects the substantial rights of the accused." *United States v. Carnagie*, 533 F.3d 1231, 1239-40 (10th Cir. 2008) (internal quotation marks omitted). Such a variance can "prejudice a defendant's Sixth Amendment right to notice of the charges against him if he could not have anticipated from the allegations in the indictment what the evidence would be at trial." *Id.* at 1241 (internal quotation marks

omitted). Thus, "a variance, without more, will not warrant relief as long as the proof corresponds to an offense clearly charged in the indictment because the defendant will have had notice of that charge and cannot claim prejudice." *United States v. Williamson*, 53 F.3d 1500, 1513 (10th Cir. 1995).

As relevant here, the superseding indictment identifies two overt acts by Mr. Blackburn in furtherance of the conspiracy. First, the indictment alleges that in May 2007, Mr. Blackburn flew to Arizona to claim $223,228 that had been seized there, claiming it was proceeds from his church. Agent Dorley testified that Mr. Blackburn asserted that the amount of money in Arizona was actually $300,000, and not just $223,228 reported by the police officers. But Agent Dorley did not testify, either at the *James* hearing or before the grand jury, that Mr. Blackburn made a claim for the money.

The Government admits that Agent Dorley's testimony results in a variance as to this overt act, and the Government asks that it be stricken from the superseding indictment. That request is granted.

But this variance did not cause any prejudice to Mr. Blackburn and therefore cannot serve as the basis for the relief he now seeks. Any discrepancy between the indictment and Agent Dorley's testimony about the Arizona money would not prejudice Mr. Blackburn's defense. The indictment as a whole clearly lays out the factual basis for the Government's charge, so that Mr. Blackburn can anticipate and prepare his defense. Moreover, Agent Dorley's testimony supports the Government's claim that Mr. Blackburn had knowledge of the money seized in Arizona, even if he did not make a

3

claim to it.

Second, the indictment alleges that in November 2007, Mr. Blackburn initially claimed that approximately $140,000 seized in Oklahoma was proceeds from his church. Agent Dorley testified that, although Mr. Blackburn did not make an official claim for the $140,000 seized in Oklahoma, he did make a verbal claim to the money to law enforcement officials, initially arguing that the money was church proceeds.  Thus, the only difference between the indictment and Agent Dorley's testimony here is whether Mr. Blackburn made an "official" claim.  But even a mere verbal claim, as Agent Dorley testified to, would be consistent with the language of the indictment.  Moreover, any variance would not prejudice Mr. Blackburn's ability to anticipate the case against him as it relates to his knowledge of the money seized in Oklahoma.

For these reasons, Mr. Blackburn's motion to dismiss the indictment is denied.


**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motion to recuse the prosecution (doc. 797) and his motion to dismiss the indictment (doc. 798) are **denied**.


**IT IS SO ORDERED** this 1st day of April, 2011.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge