# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 09-20133 |
| ) | |
| STEPHEN BLACKBURN,  ) | |
| ) | |
| Defendant.  ) | |

## MEMORANDUM AND ORDER

Before the court is Defendant Stephen Blackburn's motion to dismiss the case for violating Rule 21 (doc. 835). Mr. Blackburn's motion quotes extensively from Rule 21 of the Federal Rules of Criminal Procedure, and the accompanying advisory committee notes, which sets out the procedure for changing the location of a trial. Specifically, the rule provides that a defendant can move for a change in trial venue to avoid prejudice in the original district or for the convenience of parties and witnesses. Fed. R. Crim. P. 21(a), (b).

Mr. Blackburn contends that this rule has been violated because "on December 1, 2009, defendants in error were arrested and held in the 8th Circuit of Missouri," and were then transferred to Kansas, in the Tenth Circuit. He suggests that because no defendant filed a motion for this transfer, it violates Rule 21, and he urges the court to either transfer the case back to the Eighth Circuit or to dismiss it entirely.

The court declines to do either and instead denies Mr. Blackburn's motion for the following reasons.

First, Mr. Blackburn was not arrested in Missouri on December 1, 2009. He was arrested in February 2010 in Illinois. He appeared before a Magistrate Judge there, where he waived an identity hearing and was ordered transferred to Kansas for further proceedings. Although some of his co-defendants were arrested on December 1 in Missouri,[1] Mr. Blackburn lacks standing to file any motion on their behalf.

Second, even for Mr. Blackburn's co-defendants who were arrested in Missouri, their transfer to Kansas was entirely proper pursuant to Rule 5 of the Federal Rules of Criminal Procedure. Rule 5 allows a defendant arrested in a district other than where the offense was committed to be transferred to an adjacent district for an initial appearance if "the offense was allegedly committed there and the initial appearance will occur on the day of arrest." Fed. R. Crim. P. 5(c)(2)(B)(ii). Thus, defendants arrested in Missouri were properly transferred to Kansas, an adjacent district where the offense was allegedly committed for an initial appearance.

Finally, Rule 21 governs the venue for the trial and not a defendant's physical location. The trial has always been scheduled to occur in the District of Kansas, the district where the charges are pending. The court has not transferred the trial location,

---

[1] According to the Government, of those defendants remaining for trial, only defendants Gladstone McDowell, Curtis Pitter, and Michelle Midgyett were arrested in Missouri on December 1, 2009.

2

and in fact has previously held that venue is proper here.  (Doc. 565.)

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motion to dismiss (doc. 835) is **denied**.

**IT IS SO ORDERED** this 4th day of April, 2011.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge