# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  09-20133 |
| | ) |
| STEPHEN BLACKBURN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

## MEMORANDUM AND ORDER

Defendant Stephen Blackburn was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute at least 1000 kilograms of marijuana. (Doc. 1004.) Mr. Blackburn has filed numerous post-trial motions including:

- Motion for Extended Time, construed as a Motion for Judgment of Acquittal or for New Trial (Doc. 1015)

- Motion for Judgment of Acquittal (Doc. 1018), as amended (Doc. 1043)

- Motion to Arrest Judgment (Doc. 1020), as amended (Doc. 1052)

- Administrative Demand Mandatory Judicial Notice of Adjudicated Facts (Doc. 1030)

- Motion for Dismissal for Proof of Official Record (Doc. 1031)

- Administrative Notice in the Nature of Writ or Error Coram Nobis and Demand for Dismissal or State Proper Jurisdiction (Doc. 1033)

- Mandatory Judicial Notice (Doc. 1053)

- •     Mandatory Judicial Notice of Code of Federal Regulations (Doc. 1069)

- •     Notice of Default and Failure of Consideration by Government Officials (Doc. 1140)

In addition, Mr. Blackburn filed a memorandum on venue (Doc. 1062). The Government tendered a consolidated response (Doc. 1121), and the motions are now ready for analysis. For the reasons discussed below, all of the motions are denied.[1]

## DISCUSSION

For the most part, Mr. Blackburn raises issues that he has previously argued to the court and on which the court has already ruled, and some of which the Tenth Circuit has already agreed to be meritless. *In re: Blackburn*, No. 11-3061, Doc. 01018611419 (Mar. 28, 2011). He neglects to raise any new argument that would alter the court's previous decisions. Additionally, the issues tend to overlap among his various post-trial motions. For that reason, the court will address Mr. Blackburn's motions by topic.

## 1.     Title 21 Certification

---

[1] The docket sheet also shows a Motion to Recuse (doc. 966) filed by Mr. Blackburn three months ago in the middle of trial. The court's recollection is that this motion was denied on the record during a break in the trial, but the docket sheet does not reflect that denial. To the extent the motion to recuse remains pending, it is now denied. Mr. Blackburn merely disagrees with this court's prior rulings on his motions, and adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Nothing the court has said or done displays any basis to conclude that fair judgment is impossible.

Mr. Blackburn contends that his conviction should be overturned because Title 21 is not a valid law. The court thoroughly addressed, and rejected, this argument in a previous order (doc. 668). Moreover, the Tenth Circuit noted the argument concerning Title 21's certification, and agreed with this court's determination that it was meritless. *In re: Blackburn*, No. 11-3061, Doc. 01018611419 (Mar. 28, 2011).

**2.     Jurisdiction**

Mr. Blackburn raises several challenges to the jurisdiction of this court to hear his case. He suggests that this court only has jurisdiction to hear civil, admiralty, or maritime cases, or cases involving people who voluntarily submit to the applicable statute.

The court has previously explained in detail the source of its jurisdiction to hear criminal cases. (Doc. 564, at 10; Doc. 565, at 2-5.) Mr. McDowell has identified no new authorities or arguments that would cause the court to deviate from its prior conclusions on jurisdiction.

**3.     Venue**

As with many of Mr. Blackburn's other arguments, this court has previously evaluated this issue and determined that venue is proper. (Doc. 565, at 5-8.) In a drug conspiracy case, venue as to prosecution of all members of the conspiracy "lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Rinke*, 778 F.2d 581, 584-85 (10th Cir. 1985)

3

(quoting *United States v. Smith*, 692 F.2d 693, 697 (10th Cir. 1982)). In this case, a shipment of drugs was packaged in Arizona and sent via UPS through Kansas, where the drugs were intercepted by the DEA. This overt act—controlling the drugs as they passed through Kansas—is sufficient to establish venue here.

Mr. Blackburn argues that his co-defendant Delroy Buckley was the only person with direct ties to Kansas, and since Mr. Buckley was acquitted of the conspiracy charge, Mr. Blackburn suggests that his actions cannot be used to establish venue for the other conspiracy members. But the standard of proof needed for a conviction (beyond a reasonable doubt) is higher than for that needed to establish venue (preponderance of the evidence). Thus a not-guilty verdict for Mr. Buckley does not foreclose venue in Kansas based on his acts or on the actions of any other co-conspirator.

Moreover, regardless of the verdict against Mr. Buckley, the jury was specifically instructed as to venue. Instruction number 25, which applied to all counts and all defendants, set forth the findings necessary for the jury to find venue. The jury's guilty verdicts against Mr. Blackburn signify that it found that venue was proper here in Kansas based on the acts of Mr. Blackburn and his co-conspirators.

**4.     Jury**

Mr. Blackburn asserts that the jury did not represent his peers because it contained no African-American jurors. By itself, however, "the racial composition of a jury does not present a cognizable constitutional claim." *Battle v. Workman*, 353 Fed. Appx. 105, **3 (10th Cir. 2009). While a defendant does not have the right to a jury composed of

4

people of his race, he does have the right to have his jury chosen by nondiscriminatory criteria. *Powers v. Ohio*, 499 U.S. 400, 404 (1991) (citing *Strauder v. West Virginia*, 100 U.S. 303, 305 (1879)). Mr. Blackburn's claim that the jury contained no African-Americans is insufficient to show discrimination given the Supreme Court's holding that proportional racial representation on petit juries is an impossibility not required by the Sixth Amendment. *Batson v. Kentucky*, 476 U.S. 79, 86 n.6 (1986).

**5.    Insufficient Evidence**

The court must uphold the jury's verdict of guilty if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schluneger*, 184 F.3d 1154, 1158 (10th Cir. 1999)). The court "must ask 'only whether taking the evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in light most favorable to the government, a reasonable jury could find [defendant] guilty beyond a reasonable doubt.'" *United States v.. Magleby*, 241 F.3d 1306, 1311 (10th Cir. 2001) (quoting *United States v. Springfield*, 196 F.3d 1180, 1184 (10th Cir. 1999)). "Furthermore, 'the evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt.'" *Magleby*, 241 F.3d at 1312 (quoting *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000)).

Mr. Blackburn was convicted of conspiracy to distribute and possess with intent to distribute. "To obtain a conviction for conspiracy, the government must prove that

5

(1) there was an agreement to violate the law; (2) Defendant knew the essential objectives of the conspiracy; (3) Defendant knowingly and voluntarily took part in the conspiracy; and (4) the coconspirators were interdependent." *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1129 (10th Cir. 2004) (quoting *United States v. Ailsworth*, 138 F.3d 843, 850 (10th Cir. 1998)).

Evidence at trial established that Mr. Blackburn received a shipment of approximately 300 pounds of marijuana from other members of the conspiracy, showing his connection to the core illegal activity of the group. Moreover, testimony established that Mr. Blackburn traveled to Oklahoma to complain about money that was seized, and that he was as a lay person brought in to assist the "Arizona Five" in their legal defense. This evidence could have supported a conclusion that he was interdependent with the group and that his involvement with them went beyond that of a casual buyer. This evidence is sufficient to support the jury's verdict.

**6.     Notice of Default**

Mr. Blackburn suggests that the Government failed to respond to his motions completely and timely. Instead, he maintains that the Government received no extension of time and then eventually filed "a partial response" and "has kept silent on a point for point rebuttal" of his filings. Thus, Mr. Blackburn urges this court to summarily grant all of his motions (doc. 1140).

According to the docket sheet, the Government filed its consolidated response (doc. 1121) to Mr. Blackburn's motions on July 11, 2011, which was the deadline the

court had previously set (doc. 1072).  Moreover, although the Government may not have

responded line-by-line as Mr. Blackburn wishes, the consolidated response addressed the

main arguments and the relief sought by each filing.  This motion is denied.


**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motions

(docs. 966, 1015, 1018, 1020, 1030, 1031, 1033, 1053, 1069, and 1140) are **denied**.


**IT IS SO ORDERED** this 29th day of July, 2011.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge